UNPUBLISHED

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | GREGORY RIDELL JEFFERY, SR. | Case No. 07-30591-KRH |
| | | Chapter 7 |
| | Debtor | |
| IN RE: | EFFIE H. ROBINSON | Case No. 07-30691-KRH |
| | | Chapter 13 |
| | Debtor | |

**MEMORANDUM OPINION**

These two matters came before the Court on a motion filed by Debtor Gregory Ridell Jeffery, Sr. ("Mr. Jeffery") to vacate an order dismissing his Chapter 7 bankruptcy case (the "Motion to Vacate Dismissal") and on a separate motion filed by Debtor Effie H. Robinson ("Ms. Robinson") for a second extension of the time within which to file a plan in her Chapter 13 bankruptcy case (the "Motion to Extend Time").[1]  The Debtors in both of these unrelated cases are represented by the same counsel, Nnika E. White ("Ms. White"), who filed the Motions on behalf of each of the Debtors.  Hearings were conducted on April 18, 2007, on the Motions and also on the Court's Order directing Ms. White to show cause why the case of Mr. Robinson should not be dismissed for failure to timely file a Chapter 13 plan.  The Office of the U.S. Trustee participated by counsel at the hearings.  Counsel for the U.S. Trustee asserted that it would be unfair for the Court to punish the Debtors by denying the relief sought in the respective Motions, as the untimely filings that occurred in each of these cases were the fault of Ms. White and not that of her clients.  Counsel for the U.S. Trustee requested the Court in the alternative to examine the reasonable value of Ms. White's fees in light of the history of each of these cases.

---

[1] Mr. Jeffery and Ms. Robinson are jointly referred to as the "Debtors," and the Motion to Vacate Dismissal and Motion to Extend Time are jointly referred to as the "Motions."

**Procedural History of the Robinson Case**

Ms. Robinson filed her Chapter 13 case on February 26, 2007. The case was commenced as a "skeletal petition filing" on an emergency basis.[2] Ms. Robinson's schedules and statement of affairs were due to be filed no later than March 13, 2007, as was her Chapter 13 plan. None of these documents were timely filed by Ms. Robinson. On March 14, 2007, Ms. White tardily filed a motion to extend the time within which Ms. Robinson must file her Chapter 13 plan as well as her schedules and statement of affairs. This motion was granted by an order entered the same day. Pursuant to her request, Ms. Robinson was given until March 23, 2007 to file her Chapter 13 plan and until April 6, 2007 to file her schedules and statement of affairs.

No Chapter 13 plan was filed by the March 23, 2007 deadline. On March 28, 2007, Ms. White tardily filed the Motion to Extend Time, requesting that the time within which Ms. Robinson must file her Chapter 13 plan be extended to April 3, 2007. Ms. White failed to schedule a hearing on the Motion to Extend Time, however, and she also failed to file or serve any notice of it. The clerk's office issued a general notice of noncompliance on March 29, 2007, advising that a notice of the Motion to Extend Time was necessary and that no time had been set for a hearing. Ms. Robinson failed to cure either deficiency. No hearing was held on the Motion to Extend Time, and no order was entered by the Court extending the deadline for filing Ms. Robinson's Chapter 13 plan beyond the March 23, 2007 deadline.

On April 3, 2007, the Court entered an Order that Ms. White appear before the Court to show cause why Ms. Robinson's case should not be dismissed for failure to timely file the

---

[2] A skeletal petition filing refers to a case in which the bankruptcy petition is filed without any of the supporting documentation or accompanying schedules. Such a filing may be necessitated by circumstances requiring emergency relief and thereby leaving the parties insufficient time to collect the information and prepare the complete set of forms.

2

Chapter 13 plan. Later the same day Ms. Robinson did file a Chapter 13 plan.[3] On April 8, 2007, Ms. White finally noticed a hearing on the Motion to Extend Time, setting the hearing on the same date as that set for hearing on the Court's show cause order. On April 9, 2007, she filed schedules and statement of affairs and an amended Chapter 13 plan on behalf of Ms. Robinson.

### Procedural History of the Jeffery Case

Mr. Jeffery filed his bankruptcy case on February 17, 2007. The case was initially filed under Chapter 13 and was later converted to Chapter 7. The case was commenced as a "skeletal petition filing" on an emergency basis. The only creditor listed on the creditor's matrix was the Division of Child Support for Chesterfield County. On February 22, 2007, the Court issued a deficiency notice under Local Bankruptcy Rule 1007-1, advising Mr. Jeffery that his schedules and statement of financial affairs were due by March 5, 2007. On March 13, 2007, eight days after the schedules were due, Ms. White, on behalf of Mr. Jeffery, tardily filed a motion for an order authorizing an extension of time for filing schedules. This was the first extension motion filed by Ms. White. The Court entered an order the next day, extending the time to file the schedules and statement of affairs until March 16, 2007.

On March 16, 2007, Ms. White filed a second motion for an order authorizing an extension of time for filing schedules and statement of financial affairs. She requested an additional extension to March 22, 2007. Ms. White scheduled a hearing on her second extension request for March 28, 2007. As no schedules had been filed by March 22, 2007, the Court denied the second extension request at the hearing by Order entered March 30, 2007. On April 3, 2007, the Court issued an Order dismissing the case for failure to timely file lists, schedules and statements. On April 8, 2007, Ms. White, on behalf of Mr. Jeffery, filed the Motion to

---

[3] Even though no extension had been granted, Ms. White filed a Chapter 13 plan on behalf of Ms. Robinson on April 3, 2007.

3

Vacate Dismissal. In support of the Motion to Vacate Dismissal, Ms. White represented that Mr. Jeffery was incarcerated, that he had signed the appropriate schedules, that he desired to convert the case from Chapter 13 to a case under Chapter 7, and that there were additional creditors other than the Division of Child Support.

**Facts**

At the hearing conducted in each case, the Office of the U.S. Trustee raised serious concern that the circumstances on display in these two cases were not isolated occurrences. Counsel for the U. S. Trustee contended that Ms. White had exhibited a pattern of filing skeletal petitions and of filing multiple extension requests, often tardily, in many of her bankruptcy cases. Counsel for the U.S. Trustee presented an analysis of all the cases that had been filed by Ms. White during the period from October 1, 2006 through March 31, 2007. The analysis detailed the percentage of cases filed with skeletal petitions as well as the percentage of cases in which schedules and extension requests had been tardily filed. The analysis revealed that from October 1, 2006 through April 13, 2007, Ms. White had filed 66 bankruptcy cases on behalf of clients. Every one of these cases had been filed as a skeletal petition. In 73% of these cases, the schedules and/or plan had been filed after the deadline established by the Court. In roughly half of the 66 cases, Ms. White had filed motions for extensions of time to file the schedules and statement of financial affairs. In 90% of these cases, the schedules were filed after the expiration of Court's stated deadline. In 41% of the 66 cases, additional creditors were added to the schedules after the skeletal petitions were filed. However, Ms. White failed to upload these creditors to the creditor matrix, resulting in these new creditors' never being given notice of the bankruptcy filing or of the debtors' discharge. Ms. White also failed to file an amended cover

4

sheet and the requisite notice to creditor in order to properly advise the additional creditors of the scheduled § 341 meeting in these cases.

The U.S. Trustee argued that it would be unfair to punish the Debtors in the two instant cases. Rather, based on the pattern of Ms. White's practice generally in bankruptcy cases, counsel for the U.S. Trustee requested that the Court examine the fees charged in these cases to determine whether they were excessive based on Ms. White's conduct. Prior to the hearings, counsel for the U.S. Trustee was unable to determine the amount of fees Ms. White had collected or planned to collect in Mr. Jeffery's bankruptcy, as there not yet had been any schedules filed in his case, including the required disclosure of compensation.[4]

At the hearings, the Court granted Mr. Jeffery's Motion to Vacate Dismissal and granted Ms. Robinson's Motion to Extend to April 9, 2007, to enable her to file her schedules and statement of affairs. The Court allowed Ms. White 30 days to file a written response to the case analysis presented by the U.S. Trustee at the April 18, 2007 hearings.

In each case, Ms. White filed a written response to the case analysis that was presented at hearings by the U.S. Trustee. In Mr. Jeffery's case, Ms. White represented that she had spent more than 15 hours in the representation of Mr. Jeffery. She also represented that she had charged him only $201 in legal fees.[5] Ms. White argued that this fee is reasonable under the circumstances presented in this case.

---

[4] Partial schedules and an attorney fee disclosure statement were filed electronically the morning of the hearing, not affording the Court or counsel for the U. S. Trustee adequate time to review them prior to the hearing.

[5] The attorney fee disclosure filed by Ms. White on the morning of the April 18 hearing stated that prior to the filing of Mr. Jeffery's case, she had accepted $450 for legal services and that she had agreed to accept $450 for those services. However, an amended fee disclosure subsequently filed by Ms. White on April 26 stated that prior to the filing of Mr. Jeffery's case, she had accepted $201 for legal services and that she had agreed to accept $201 forthose services.

In the response filed in connection with Ms. Robinson's case, Ms. White represented that she will have to spend extra time dealing with complicating issues present in the case, which include meeting not only with Ms. Robinson, but also with a friend who assists Ms. Robinson in her financial affairs. Ms. White requested that the Court allow the no look fee to be paid to her through the Chapter 13 plan, and she represented that she will not make any requests for supplemental fees in the case.

Ms. White claims that a true emergency did exist in 57% of the 66 cases included in the U.S. Trustee's analysis, and, therefore, there was a real need for a skeletal petition filing in those cases. Ms. White claims that her failure to timely file extension requests was attributable to her practice not to file extensions for clients unless she received signed permission to do so. Ms. White offered no excuse for missing the court imposed deadlines, other than that the clerk's office was often accommodating by giving notice of deficient filings and in accepting late filed documents. Finally, Ms. White stated in response to the U.S. Trustee's allegations that she had changed her office practices to (a) file as few cases as possible as skeletal filings; (b) have debtors acknowledge at initial signing that counsel has the authority to file extensions of time to file schedules and plans; and (c) comply with all Court imposed deadlines and not take further advantage of the case administrators' willingness and helpfulness in allowing documents to be filed in a untimely manner.

## Conclusions of Law

Bankruptcy Code § 329 provides, in pertinent part, that an attorney representing a debtor must file with the Court a statement of compensation paid or agreed to be paid and that

> [i]f such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to —
> (1) the estate, if the property transferred –

6

      (A) would have been property of the estate; or
      (B) was to be paid by or on behalf of the debtor under a plan under chapter 11,
          12, or 13 of this title; or
  (2) the entity that made such payment.

11 U.S.C. § 329(b) (2000). Further, Bankruptcy Rule 2017[6] provides, in pertinent part, that on a motion by a party in interest or on the Court's own initiative, the Court may determine that money paid to an attorney for services rendered or to be rendered, both before and after an order for relief, is excessive. The Office of the U.S. Trustee argued that Ms. White's actions in each of these cases caused a burden on the Court and placed the Debtors in an unfortunate legal position. Accordingly, the Office of the U.S. Trustee requested that the Court reduce and/or require disgorgement of Ms. White's fees in both of these cases as the Court deemed appropriate.[7]

      The evidence offered by the Office of the U.S. Trustee clearly established that the shortcomings displayed in both of the instant cases were not isolated events. Rather, they appear to be a systemic problem with Ms. White's practice. While there are times that the Court may not necessarily dismiss a case when pleadings are not timely filed, it should not be any counsel's practice to count on this circumstance. Strict adherence to the Court's deadlines should be maintained. To do otherwise places debtors in precarious legal circumstances, as witnessed in these cases. Furthermore, conducting a practice in which (a) skeletal petitions are the norm, (b) multiple requests for extensions of time to file schedules are filed, and (c) stated deadlines are not followed places an additional burden on panel trustees as well as this Court. The panel trustees are put in a position of having to review schedules and plans in very close proximity to the § 341 meetings. Such a practice is fraught with potential problems and inconveniences to all parties in the bankruptcy system, including the debtors.

---

[6] Fed. R. Bankr. P. 2017.
[7] The Office of the U.S. Trustee also requested that the Court grant the Motion to Vacate Dismissal in Mr. Jeffery's case and grant the Motion to Extend Time in Ms. Robinson's case.

Based on Ms. White's assertions that she had changed her office practices, the Office of the U.S. Trustee conducted a further analysis of cases for the period from April 16, 2007 through May 30, 2007, which was submitted to the Court as an exhibit to its reply brief. Based on that additional analysis, it appears that Ms. White has altered her practice for the better. In reviewing the specific legal fees charged in the instant cases, it appears that the legal fees charged are not inherently unreasonable. They are only of concern in the context of the larger issue before the Court involving the observed practices of Ms. White which appear for the time being to have been corrected. Accordingly, the Court will refrain from ordering the reduction or the disgorgement of Ms. White's fees in these two cases at the present time. However, it will not countenance any future failure on the part of Ms. White to comply strictly with the deadlines imposed by the Court. The Court expects counsel to continue providing quality representation to the Debtors through the conclusion of these two cases, as she represented she would do in her written response. Ms. White is on notice that if any additional transgression may occur in either of these two cases or in any other case filed in the future, the court will entertain favorably a renewal of the motion of the Office of the U.S. Trustee to require disgorgement or reduction of the fees in the applicable case.

ENTERED: _____

       /s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Copies to:

Nnika E. White
Law Offices of White and Associates, PC
7204 Glen Forest Drive, Suite 104
Richmond, VA  23226

8

Robert B. Van Arsdale
Shannon D. Franklin
Office of the U.S. Trustee
600 East Main Street, Suite 301
Richmond, VA  23219

Gregory Ridell Jeffery, Sr.
7494 Overlook Drive
Mechanicsville, VA  23111

Effie H. Robinson
1901 N. 20th Street
Richmond, VA  23223

Bruce E. Robinson
P.O. Box 538
South Hill, VA 23970-0538